# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

**Ishema Umuhoza,**

    *Petitioner,*

v.                                                   Case No. 3:05-cv-164
                                                                 Judge Thomas M. Rose

**US Department of Homeland Security, et al.,**

    *Respondents.*

---

**ENTRY AND ORDER DENYING PETITIONER'S MOTION
TO STAY REMOVAL.** DOC. 32

---

Pending before the Court is Petitioner's Motion to Stay Removal. Doc. 32. Therein, Petitioner requests that the Court stay his removal and the institution of deportation proceedings against him. Respondents first assert that this Court is without jurisdiction to grant the requested stay. Respondents then assert that, if the Court has jurisdiction, a stay is only appropriate if the four general factors for injunctive relief are met. Doc. 34 at 2, citing *Nwakkanma v. Ashcroft*, 352 F.3d 325, 327 (6th Cir. 2003).

The Court finds that, for the same reasons that it lacks jurisdiction to hear the merits of Petitioner's case, it also lacks jurisdiction to issue a stay:

> Under the REAL ID Act, however, the Court lacks jurisdiction over such a challenge because the request to halt the execution of the final orders of removal "arise[s] from" an "action" or a "proceeding" brought in connection with petitioners' removal (8 U.S.C. § 1252(b)(9)), or from "the decision or action" to "execute removal orders against" them (8 U.S.C. § 1252(g)). See, e.g., *Nken v. Chertoff*,

> 559 F. Supp.2d 32, 36 (D.D.C. 2008) (REAL ID Act strips court of jurisdiction to consider request for stay of BIA's final order of removal); *Ernawati v. Gonzales*, 2007 WL 2156603, at *2 (W.D. Wash. July 25, 2007) (no subject matter jurisdiction over petitioner's request for a stay of removal during pendency of motion to reopen before the BIA). Under these circumstances, it appears that the REAL ID Act vests exclusive jurisdiction in the Ninth Circuit Court of Appeals. See 8 U.S.C. §§ 1252(a)(5); (b)(2).

*Mejia-Espinoza v. Mukasey*, 2009 WL 235625, 3 (C.D. Cal. 2009).

Because the Court lacks jurisdiction to grant the requested relief, Petitioner's Motion to Stay Removal, doc. 32, is **DENIED.**[1]

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, May 8, 2009.

    s/Thomas M. Rose
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

---

[1] While the Court finds that it lacks jurisdiction to grant a stay, it believes the question of whether a stay should issue merits serious attention by the United States Court of Appeals for the Sixth Circuit.